UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOMER DANIEL and CHARLES STUCKER, individually and on behalf of themselves and a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>ATLAS FIELD SERVICES, LLC, a Texas Limited Liability Company, and CRAIG TAYLOR, and DOES 1–20,<br><br>Defendants. | No. 20-04415 WHA<br><br>**ORDER DENYING MOTION TO EXTEND DEADLINE** |

**INTRODUCTION**

In this wage-and-hour putative class action, plaintiffs move to extend the deadline to file a motion for class certification. Defendants have filed an opposition with declarations and exhibits refuting plaintiffs' proffered reason. Plaintiffs have not shown good cause for the postponement. Therefore, the motion is **DENIED**.

**STATEMENT**

Plaintiffs Homer Daniel and Charles Stucker worked for defendants through October 2019 and March 2020, respectively, as "consulting utility forester[s], performing assessments of trees and vegetation around powerlines and fire risk analysis" (Dkt. No. 11 at ¶¶ 12, 13). In August 2020, plaintiffs filed a first amended complaint against their former employers, Atlas

Field Services, LLC, and Craig Taylor, in his alleged role as a managing member of defendant LLC. Briefly, plaintiffs allege that defendants failed to pay plaintiffs contractual wages owed; overtime wages owed; minimum wages owed; failed to provide meal periods or compensation in lieu thereof; failed to provide rest periods or compensation in lieu thereof; and failed to reimburse plaintiffs for necessary business expenditures. Plaintiffs bring claims under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.*, and various provisions of California's Labor Code. In addition, plaintiff Daniel seeks to represent a class of "All non-exempt persons who are or have been employed by Defendants at any time in California within four (4) years of the filing" of the original complaint (Dkt. No. 11 at ¶ 36).

On September 16, 2020, the parties stipulated to continue the initial case management conference until December 3, 2020 to allow themselves to complete the Rule 26(f) conference. An order granted the stipulation. After the case management conference on December 3, 2020, the case management order set the deadline for filing a motion for class certification as May 6, 2021.

On April 30, 2021, six days before the deadline, plaintiffs filed the instant motion to continue the May 6 deadline. Defendants timely filed an opposition.

**ANALYSIS**

Under Civil Local Rule 6-1, an order is required to change a deadline previously fixed by order. Under Civil Local Rule 6-3, a motion to change such a deadline must be accompanied by a declaration that, *inter alia*, "Sets forth with particularity, the reasons for the requested enlargement," and "Identifies the substantial harm or prejudice that would occur if the Court did not change the time."

Moreover, the December 2020 case management order admonished the parties that "No continuance (even if stipulated) shall be granted on the ground of incomplete preparation without competent and detailed declarations setting forth good cause" (Dkt. No. 23 at ¶14).

*First*, plaintiffs fail to show good cause. An associate assigned to this case went on family leave from August to October 2020. After returning from family leave, in late October, counsel attempted to propound discovery by way of the postal service but failed. Apparently, a

2

shipping "label was created but never delivered" (*id.* at ¶ 4).  The associate left the firm in late January or early February.  Plaintiffs did not properly propound the discovery until April 16, more than five months after initialing attempting to propound the discovery, and two and a half months after the associate left the firm.

Defendants, however, have attached copies of emails to their declaration showing that throughout November–January, the associate and always at least one other lawyer, including, at times, counsel who makes the instant motion, were actively involved in this case and communicating with defense counsel.  Yet at no time did plaintiffs' counsel inquire about the discovery, which was supposed to have been propounded in late October.  Even after the associate left the firm at the end of January, there was no follow-up on the discovery until mid-April.  Far from showing good cause for the delay in propounding discovery, the record shows plaintiffs' counsel failed to exercise due diligence.

*Second*, plaintiffs fail to show substantial harm or prejudice.  The only harm that will occur if the deadline for a class certification motion is not extended is that plaintiffs will not be able to prosecute this action on behalf of the class.  Plaintiffs' individual claims against defendants are unaffected.  The rights of the class members against the defendants are also unaffected because anyone of the class members but plaintiffs could bring an action for the same claims on behalf of the same class.

## CONCLUSION

Therefore, the motion to continue the deadline to move for class certification is **DENIED**.  Plaintiffs must prosecute this action on an individual basis.

**IT IS SO ORDERED.**

Dated:  May 6, 2021

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3