STAN S. MALLISON (Bar No. 184191)
    StanM@TheMMLawFirm.com
HECTOR R. MARTINEZ (Bar No. 206336)
    HectorM@TheMMLawFirm.com
DANIEL C. KELLER (Bar No. 332576)
    DKeller@TheMMLawFirm.com
MALLISON & MARTINEZ
1939 Harrison Street, Suite 730
Oakland, California 94612-3547
Telephone: (510) 832-9999
Facsimile: (510) 832-1101

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOMER DANIEL and CHARLES STUCKER, individually and on behalf of all others similarly situated,<br><br>               Plaintiffs,<br><br>vs.<br><br>ATLAS FIELD SERVICES, LLC, A Texas Limited Liability Company; CRAIG TAYLOR, an individual, and DOES 1-20<br><br>               Defendants | Case No.: 3:20-cv-04415-WHA<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR APPROVAL OF PAGA SETTLEMENT**<br><br><br><br>Date:   April 14, 2022<br>Time:  8:00 a.m.<br>Courtroom: 12<br>Floor: 19th<br><br>Judge: The Honorable William Alsup |

**TO ALL INTERESTED PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on April 14, 2022 at 8:00 a.m., in the above-captioned court, located at 450 Golden Gate Avenue, San Francisco, California 94102, Plaintiff HOMER DANIEL ("Plaintiff") will move this Court to an order approving the parties' settlement agreement, which includes the release of claims under the Private Attorneys General Act of 2004, California Labor Code section 2698 *et seq.* ("PAGA"), submitted herewith.

This motion will be based upon this Notice, the Memorandum of Points and Authorities attached hereto, the declaration of Stan Mallison, the exhibits filed therewith, and any additional papers or arguments submitted on or before the hearing on the Motion.

Dated: February 22, 2022           **MALLISON & MARTINEZ**

By: _____

Stan Mallison
Hector Martinez
Dan Keller
Attorneys for Plaintiffs

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff brings the instant motion for approval of the parties Private Attorneys' General Act ("PAGA") settlement, pursuant to California Labor Code section 2699(l)(2). Plaintiff Homer Daniel ("Plaintiff") brought this action to challenge Defendant's allegedly unlawful wage and hour policies and practices. Plaintiff brought his complaint under the Fair Labor Standards Act ("FLSA") and various provisions of the California Labor Code, including a PAGA claim on behalf of the State of California and similarly situated Aggrieved Employees.

After filing the action, the parties held robust negotiations and, during a settlement conference with Chief Magistrate Judge Spero, the parties accepted Judge Spero's mediator's proposal for a settlement of this case in principle, which the parties then proceeded to memorialize in the long-form settlement agreement submitted herewith. Part of that settlement is a release of Plaintiff's PAGA claims. As PAGA settlements require court approval, Plaintiff now submits his agreement with Defendants to the Court. Because the parties' settlement is a fair and reasonable compromise of disputed claims, it should be approved.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Defendant Atlas Field Services, LLC did business as and employed Plaintiff and other aggrieved employees under the name "Atlas Field Services." Defendant Craig Taylor was Atlas' President and CEO. Defendants are a health, safety, and environment company based in Houston, Texas that works independently and contracts with other companies to assign employees to work sites all over the United States, including California. Plaintiffs worked for Defendant, Atlas, in several different areas of California, under Atlas' contract with Pacific Gas and Electric Company (PG&E). Plaintiff and the Aggrieved Employees performed vegetation management, arboreal, and inspection work. Declaration of Stan Mallison, submitted herewith, ("Mallison Decl.") ¶ 3.

Plaintiff sued Defendant alleging unlawful payroll and labor practices which, among other things, failed to pay non-exempt employees for all hours works, failed to provide lawful meal and rest period, and failed to maintain accurate time-keeping records. Mallison Decl. ¶ 4.

Plaintiff Homer Daniel submitted notice to the Labor & Workforce Development Agency ("LWDA") and Defendant outlining the facts and theories underlying the basis for PAGA liability on July 1, 2020. Mallison Decl. ¶ 5; Exhibit 1, LWDA Notice. That notice alleged violations on behalf of all Defendant's non-exempt employees who performed work in California since July 1, 2019 ("Aggrieved Employees"). *Id.* The LWDA declined to investigate these violations. *See* Labor Code § 2699.3. Thus, Plaintiff commenced a civil action in this Court on July 1, 2020. Mallison Decl. ¶ 5.

After the lawsuit was filed the parties engaged in formal discovery and exchanged production of documents. On October 7, 2021, the parties attended a Mandatory Settlement Conference with Magistrate Judge Joseph Spero. After frank negotiations between the parties mediated by Judge Spero, the parties accepted Judge Spero's proposal as to an agreement in principle to settle all the claims in this action for $25,500. Mallison Decl. ¶ 6.[1] The settlement is a compromise of Plaintiff's individual claims, Plaintiff's counsel's attorneys' fees and costs, and includes an amount allocated towards the settlement of PAGA claims. Plaintiff now presents the settlement agreement to the court for approval, pursuant to Labor Code section 2699.3(b)(4). Mallison Decl. ¶ 8. A true and correct copy of that agreement is attached to the Mallison Decl. as Exhibit 3. Plaintiff submitted same to the LWDA on December 28, 2021. Mallison Decl. ¶ 9; Exhibit 4, Proof of Service on LWDA.

_____

[1] The parties also agreed at the Settlement Conference to settle the claims of Plaintiff Charles Stucker, who is deceased, for $2,500, which will be paid to Mr. Stucker's surviving daughter and sole heir, Alexis Stucker. A true and correct copy of the settlement agreement releasing Mr. Stucker's claims is attached to the Mallison Decl. as Exhibit 2. Mallison Decl. ¶ 7.

### III. PAGA REQUIREMENTS

Prior to the enactment of PAGA, many of the penalties provided for violations of certain Labor Code provisions were solely within the province of the California Department of Labor to seek, enforce, and assess. *Arias v. Superior Court*, 46 Cal.4th 969, 980 (2009). However, due to the lack of financing for California's agencies, and the substantial number of Labor Code violations by California employers, the California Legislature found that it was in the public interest to allow aggrieved employees to act as private attorneys general and to enforce and recover penalties on behalf of the State of California, as well as other similarly situated aggrieved employees for Labor Code violations committed by their employers. *Id*

In order to seek penalties under PAGA in a civil action, an aggrieved employee must first provide written notice to the LWDA and the employer of the particular Labor Code violations the aggrieved employee alleges the employer has violated. *See* Cal. Lab. Code § 2699.3(a)(1). Once the LWDA notifies the aggrieved employee that it does not intend to investigate the alleged violations, or if the LWDA does not respond within a certain time period, the aggrieved employee is then allowed to proceed in a civil action against the employer on behalf of the LWDA and all other similarly aggrieved employees. *See* Cal. Lab. Code § 2699.3 (a)(2)(A).

In 2009, the California Supreme Court considered the issue of whether an aggrieved employee who brings a PAGA representative claim needs to meet class certification requirements. *Arias, supra,* 46 Cal.4th at p. 976. After a substantial review of the legislative history of PAGA, the Court held that an aggrieved employee's representative action brought on behalf of other aggrieved employees against an employer for PAGA violations does not need to meet the requirements for class certification. *Id.* at pp. 975, 980-88. As the Court held, a plaintiff who brings suit under PAGA does so as the proxy or agent of California's labor law enforcement agencies. *Id.* at p. 986. Because the employee's PAGA action functions as a substitute for an action brought by the government itself and does not overlap in any way with the claims of employees. *Id.*

## IV. THE PENALTIES AND DISTRIBUTION OF PENALTIES

In a PAGA action, the court shall "review and approve any proposed settlement . . . [to] ensure that the settlement provisions are at least as effective as the protections or remedies provided by state and federal law or regulation for the alleged violation." Cal. Lab. Code, § 2699.3(b)(4). The parties have reached such agreement and now seek this Court's approval of the penalties sought pursuant thereto.

In this case, Defendants are obligated to pay a total of $25,500 to resolve Plaintiff's and Aggrieved Employees' claims. Of this amount, $8,000 is allocated to Plaintiff's individual claims, and the remaining $17,500 is allocated towards the settlement of PAGA claims. Plaintiff seeks attorneys' fees in the amount of $8,500 (i.e., one-third of the Gross Amount), Plaintiff's litigation costs in the amount of $1,170.95 plus the costs of administering settlement payments to Aggrieved Employees, which will be deducted from the amount allocated to the PAGA claims. Mallison Decl. ¶ 10. A detailed breakdown of the settlement is set forth in the following table:

| Plaintiff's Individual Settlement Amount | | PAGA Settlement Amount | |
|---|---|---|---|
| Gross Award | $8,000.00 | Gross Amount | $17,500.00 |
| Pro Rata Fees | - $2,666.67 | Pro Rata Fees | - $5,833.33 |
| Pro Rata Costs | - $367.36 | Pro Rata Costs | - $803.59 |
| Net Payment | = $4,965.97 | Administration Costs | - $3,500.00 |
| | | Net PAGA Amount | = $7,363.08 |
| | | 75% of Net to LWDA | = $5,522.31 |
| | | 25% of Net to Employees | = $1,840.77 |

Defendants will produce a list of all non-exempt employees who worked for Defendants during the relevant PAGA period to the proposed Settlement Administrator, Simpluris, Inc., for purposes of distributing the remaining 25% of the PAGA Penalties. Simpluris will perform the calculations and make the distributions upon receipt of the list of their contact information and payroll data from Defendant. Each employee's payment will be based upon the number of pay

periods worked during the relevant PAGA period. In the event funds remain undistributed or uncashed, after reasonably diligent efforts, any funds from uncashed checks will be distributed to the California Unclaimed Property/Wage Fund. Mallison Decl. ¶ 11.

## V.   THE SETTLEMENT SHOULD BE APPROVED

### A.   The Settlement Amount is Fair and Reasonable

Based on Plaintiffs' counsel's experience litigating class and PAGA actions, the settlement is reasonable under the circumstances, including the portion allocated for the settlement PAGA penalties. The non-exempt employees who will receive payments under the settlement will do so on a pro rata basis that would be determined by the total pay periods worked by participating employees during the relevant time period. Mallison Decl. ¶ 12.

The settlement is reasonable in light of the circumstances surrounding this case. A change in the case law following Plaintiff's initiation of this action lowered Plaintiff's valuation of the case by eliminating the opportunity to recover unpaid wages (including rest break premiums) pursuant to Labor Code sections 558 and 1197.1, leaving essentially per wage statement remedies as primary recovery. Even if those remedies had amounted to a substantial sum, the court is empowered to reduce any award where the results would be "unjust, arbitrary and oppressive or confiscatory." *Id.* A crucial factor in evaluating the value of a PAGA case is that all PAGA awards are discretionary and can be reduced by the Court. In other words, were this matter go to trial, any award granted would be at the discretion of the Court. Mallison Decl. ¶ 13.

Further, the settlement protects workers by preserving their rights to pursue their own individual wage claims. Section 558 wages are no longer recoverable under PAGA. *ZB, N.A. v. Superior Court*, 8 Cal.5th 175, 193 (2019). As such, this PAGA settlement clearly leaves individuals unhampered to pursue their own individual wage claims under *Arias.* Any monies received by employees is an additional amount to these claims and these payments may encourage individual employees to pursue such claims. Mallison Decl. ¶ 14.

Thus, considering that: (a) any penalty award would likely be reduced under recent case law; (b) the model included significant penalties that would be discretionary; (c) employees maintain their individual wage and hour claims; and (d) there are risks inherent with any trial, the Gross Settlement Amount is fair and reasonable. Mallison Decl. ¶ 15.

### B.     The Distribution of the Settlement

The proposed distribution of the settlement is simple given that recent case law eliminated the possibility of aggrieved employees recovering wages under PAGA. *See ZB, N.A. v. Superior Court*, 8 Cal.5th 175 (2019). Thus, the Parties have structured a distribution of the 25% of the PAGA settlement amount allocated to the Aggrieved Employees to be paid out to them based upon the number of pay periods worked during the relevant time period. The proposed method of distribution serves the purpose of providing a simple and readily determinable method for distribution, while also allowing for a distribution that corresponds closely to the alleged damages and likely recoveries from Defendant. Mallison Decl. ¶ 16.

## VII.    CONCLUSION

For the foregoing reasons, Plaintiff requests that this Court approve the parties' settlement of the PAGA claims herein.

Respectfully submitted,

Dated: February  22, 2022                              **MALLISON & MARTINEZ**


By: _____

Stan Mallison
Hector Martinez
Dan Keller
Attorneys for Plaintiffs