**EXHIBIT 1**

MALLISON & MARTINEZ
ATTORNEYS AT LAW
1939 HARRISON STREET, SUITE 730
OAKLAND, CA 94612
TELEPHONE: (510) 832-9999
FACSIMILE: (510) 832-1101

STAN S. MALLISON*
HECTOR R. MARTINEZ
LILIANA GARCIA
NATALIA RAMIREZ LEE
MATTHEW TURNBULL
JUAN GAMBOA
LEANNA M. SAC

*MEMBER OF CA, NV, OR & WA BAR

<u>VIA EMAIL AT PAGAfilings@dir.ca.gov and CERTIFIED U.S. MAIL—RETURN RECEIPT REQUESTED</u>

June 23, 2020

Attention: PAGA Administrator
Acting Agency Secretary
**California Labor & Workforce Development Agency**
PAGAfilings@dir.ca.gov

Atlas Field Services, LLC
3900 Essex Lane, Ste 775
Houston, TX 77027
Attn: Human Resources Dept.

Craig Taylor
3900 Essex Lane, Ste 775
Houston, TX 77027

**RE: Labor Code §2699 Notice by Aggrieved Employees *Charles Stucker (DOB 1/21/1972) and Homer Daniel (DOB 09/16/1970)***

Dear PAGA Administrator and All Entities and Persons listed herein:

      This constitutes statutory notice pursuant to Labor Code § 2699.3(a)(1) for purposes of bringing a claim under the Private Attorneys General Act, Cal. Labor Code § 2699, *et seq*. Please consider this a request for the California Labor & Workforce Development Agency ("LWDA" or "Agency") to take action against Atlas Field Services, LLC. ("Atlas"), and its agents, managers, and supervisors – including but not limited to Atlas Founder and President Craig Taylor, and supervisory staff Robert Warwick and John (LNU) for violations of the California Labor Code described below (Collectively, "Defendants"). The aforementioned entities and individuals were

aware of, complicit in, and actually caused the violations described below. I am writing on behalf of our clients: Charles Stucker and Homer Daniel, Aggrieved Employees represented by this law firm (hereinafter "Aggrieved Plaintiffs") who seek to assert a PAGA claim on behalf of the State of California and all other current or former employees who have been employed by Atlas in California.

Atlas is a health, safety, and environment company based in Houston, Texas that works independently and contracts with other companies to assign employees to work sites all over the United States, including in California. Aggrieved Plaintiffs worked for Atlas in several different areas of California, under Atlas's contract with Pacific Gas and Electric Company (PG&E). Non-exempt employees performed vegetation management, arboreal, and inspection work.

This investigation request and notice of California Labor Code violations concerns the systematic failure by Defendants to pay current and former California non-exempt employees in conformance with provisions set out in the California Labor Code and in Wage Orders promulgated by the Industrial Welfare Commission.

At the core of Defendants' violations is the systematic failure to keep accurate time and payroll records; requiring, suffering or permitting employees to perform unpaid work outside their scheduled worktime; refusing to provide proper rest and meal periods or to provide premium wages in lieu thereof; failure to pay premium/overtime/doubletime wages for all hours worked in excess of the overtime thresholds set forth in the Labor Code and Wage Orders; requiring employees to pay out-of-pocket for necessary work expenses without reimbursement; failing to provide accurate wage statements, and failing to pay of all wages owed upon separation from employment.

Liability under the Private Attorneys General Act (Cal. Labor Code §§ 2698 *et seq.*) ("PAGA") may be based on a wide variety of Labor Code <u>predicate</u> provisions, including but not limited to §§ 98.6, 201, 202, 203, 204, 205, 206, 208, 209, 212, 210, 213, 216, 218, 218.6, 221, 222, 223, 225, 226, 226.7, 227, 230, 231, 233, 234, 246, 510, 512, 1174, 1175, 1194, 1194.2, 1197, 1197.1 1199 and 2673.1(a), IWC wage orders, 2699 et seq. and all of the provisions listed in Labor Code 2699.5 (<u>including the penalty provisions related to these predicate provisions</u>), among others. Any violation of these or any other Labor Code provisions serves as the basis for a PAGA claim by an aggrieved employee on behalf of the state of California. Defendants and their agents, managers, and/or supervisors caused the violations described below by enforcing and carrying out their illegal policies:

1. Defendants have failed to pay our clients and other non-exempt employees all wages earned, in violation of Cal. Labor Code §§ 201, 202, 221, 1194 and 558, and the Wage Orders, by inaccurately keeping records of actual hours worked and wages earned, and by failing to pay for all hours worked.

    Defendants required non-exempt employees to work "off the clock", including but not limited to carrying out their regular work duties, as well as other work which they were expected to complete outside of their regular work times, such as receiving and responding to mandatory work-related phone calls, texts, and/or emails, filling in paperwork, setting up and putting away equipment, and time spent working through unpaid meal periods.

    Defendants also had a policy of routinely requiring in clock out after 12 hours of work, and requiring them to continue working, "off the clock", until their assigned tasks were completed. Aggrieved employees spent several hours per week working with no pay, the majority of which were doubletime or overtime hours. This time worked was not recorded as such in Defendants' time records, thereby rendering such time records inaccurate.

2. Defendants have violated California's rest and meal break provisions, including Labor Code §§ 226.7, 512 and 558 and the Wage Orders, by discouraging breaks, not providing all requisite breaks or not relieving employees of all duty during break time.

    Defendants required non-exempt employees to end their meal and rest breaks early or skip their breaks entirely when employees' workload did not allow time for meal and rest periods, which was often. Defendants' supervisory and managerial staff were aware that non-exempt employees were often unable to take their rest and meal breaks. Defendants failed to compensate non-exempt employees for missed meal and rest periods.

3. Defendants have failed to pay proper premium/overtime wages at one and one half the regular rate of pay for shifts greater than eight (8) hours in a work day and/or forty (40) hours in a workweek, and failure to pay proper premium/double-time wages at double the regular rate of pay for shifts greater than twelve (12) hours in a day and/or eight (8) hours on any seventh consecutive work day of a workweek, in violation of Labor Code § 510 and the IWC Wage Orders.

    Specifically, Defendants required non-exempt employees to work shifts in excess of these thresholds without proper compensation. Overtime provisions of the Labor code and IWC Wage Orders were violated by inaccurately keeping records of actual hours worked and wages earned by requiring, suffering or permitting employees to work without compensation, by not compensating workers for all hours worked, including overtime hours and proper overtime pay and by not compensating for off-the-clock time and by failing to pay for all hours worked within the meaning of the IWC Wage Orders.

    Non-exempt employees spent several hours per week working with no pay, the majority of which were doubletime or overtime hours.

4. Defendants have failed to reimburse employees for equipment and other expenses necessary for work in violation of Labor Code § 2802.

    Defendants required non-exempt employees to spend their own money in order to carry out their job duties, and failed to reimburse them for these expenditures.

    For example, Defendants required employees to have and use their own cellphones for work, and did not adequately reimburse them for use of their personal phones. Defendants claimed that the work could be done using a cellphone, but it was often impractical for employees to do so, and they had to use a laptop or a tablet to carry out their work duties, but were not duly reimbursed.

    Defendants failed to provide reimbursement for other expenditures necessary for work, including but not limited to safety glasses.

5. For the above reasons, Defendants have failed to keep accurate time records and to provide accurate wage statements that reflect the actual hours worked and amounts earned, in violation of Labor Code sections 226, 1174 and the Wage Orders.

6. Given the numerous violations indicated above, it is reasonable to conclude that Defendants did not pay all wages owed to their non-exempt employees upon termination in violation of the Cal. Lab. Code section 203.

PLEASE TAKE NOTICE THAT THIS IS ALSO A GENERAL LITIGATION PRESERVATION NOTICE to preserve all documents relating to all employees, including but not limited to all timekeeping and payroll records in paper form, native electronic form and any other format in which they are generated and maintained in the regular course of business; all databases and computer or electronic systems that are used for timekeeping and payroll; all records and evidence in any way related to the facts and claims asserted in this letter; all records and evidence in any way related to claims of Aggrieved Plaintiffs, the state and other current or former employees under the California Labor Code Private Attorney General (including underlying Labor Code and IWC orders), the California Government Code, and the Equal Employment Opportunity Act. These documents include but are not limited to all schedules (both current and former) all timekeeping records, all rest and meal period records, all duty and responsibility records, all records with employee signatures or initials, all payroll records, all state or federal withholding records, all personnel files and other employment records, all records concerning the payment or non-payment of wages, or provision or non-provision of state mandated labor code protections, as well as all documents pertaining to harassment or discrimination against employees, all communications relating to these records and documents, and all emails relating to these records and documents.

    Further, pursuant to California Labor Code §§ 210, 558, 558.1, 1197.1, 2699(f) and other provisions of the Labor Code, please consider this a notice to Defendants; Affiliated Companies, and owners, supervisors, managers, agents and all other person acting on behalf of Defendants

and Affiliated Companies, and the employers who caused to be violated any provision of the California Labor Code or Wage Orders governing hours and days of work. Defendants and their affiliated companies have complete authority to implement and carry out the illegal payroll policies at issue herein. These violations are a uniform policy applied to all non-exempt Atlas workers.

Craig Taylor, as Founder and President of Atlas, is in charge of making major company decisions and managing the operations of the limited liability company. As such, these individuals were on notice, whether actual or constructive, of all of the violations described above, and failed to prevent or address them.

Atlas employees working in supervisory and/or managerial roles, including but not limited to Robert Warwick and John (LNU), instructed Atlas's non-exempt employees to clock out after 12 hours, and continue working. They were also on notice that employees were working through meal and break periods, and filling out paperwork off the clock. Atlas employees working in supervisory and/or managerial roles also called, texted, and/or emailed Atlas non-exempt employees while they were off the clock, requiring them to respond to these communications.

Aggrieved Plaintiffs who worked for Defendants during the past year may be contacted through our office: Mallison & Martinez, Attorneys at Law, 1939 Harrison Street, Suite 730, Oakland, California 94612.

If no action is taken within 65 days, we will assume that we may pursue this action under the theories described above against the Defendants described above and their agents, owners and other liable persons and entities (pursuant to §210, 558, 1197.1, 2699(f) (and other provisions)).

Sincerely,

Leanna Marie Sac, Esq.
MALLISON & MARTINEZ

US POSTAGE AND FEES PAID
JUN 24 2020    Mailed from ZIP 94612
PM Flat Rate Envelope
Commercial Plus Price CID: 437168
071V01330106
endicia.com/mac



# PRIORITY MAIL 2-DAY™

C020   0022

Mallison & Martinez
Attorneys at Law
1939 Harrison St Ste 730
Oakland CA 94612

**Ship To:**

ATLAS FIELD SERVICES, LLC
ATTN: HUMAN RESOURCES DEPT
3900 ESSEX LN STE 775
HOUSTON TX 77027-5395

USPS TRACKING #



9405 5102 0088 3365 3805 83

US POSTAGE AND FEES PAID
JUN 24 2020  Mailed from ZIP 94612
PM Flat Rate Envelope
Commercial Plus Price CID: 437168
071V01330103
endicia.com/mac



# PRIORITY MAIL 2-DAY™

C020   0022

Mallison & Martinez
Attorneys at Law
1939 Harrison St Ste 730
Oakland CA 94612

**Ship To:**

CRAIG TAYLOR
3900 ESSEX LN STE 775
HOUSTON TX 77027-5395

USPS TRACKING #



9405 5102 0082 8296 8524 26