UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOMER DANIEL and CHARLES STUCKER, individually, and on behalf of all others similarly situated, <br><br>     Plaintiffs, <br><br>  v. <br><br> ATLAS FIELD SERVICES, LLC, a Texas Limited Liability Company, and CRAIG TAYLOR, and DOES 1–20, <br><br>     Defendants. | No. C 20-04415 WHA <br><br> **ORDER DENYING APPROVAL OF PAGA SETTLEMENT** |

For the reasons stated on the record at the motion hearing, the motion is **DENIED**. Any renewed motion for approval must be filed no later than **MAY 13, 2022**.

In addition to correcting the issues discussed at the hearing, any renewed motion should address the following issues. *First*, the motion should detail — based on the facts in *this* case — how the parties arrived at any proposed settlement amount, including, for example, explaining the range of recovery plaintiffs would expect at trial, the degree to which they might expect that recovery amount to be reduced post-trial, and the reasoning underlying those assessments. Further, plaintiffs should explain why any proposed settlement amount is adequate with reference to potential recoverable civil penalties authorized by PAGA.

*Second*, the motion should elaborate as to how any proposed settlement deters defendants from committing future violations, promotes compliance with California labor laws, or otherwise advances the public policy goals underlying PAGA, particularly given that defendants have represented that they "deny any and all claims alleged in this Action and deny all wrongdoing whatsoever" (Mallison Decl., Exh. 3 ¶ 41).

*Third*, plaintiffs' counsel should explain why any request for attorney's fees qualifies as "reasonable" compensation. *See* Cal. Labor Code § 2699(g)(1). Plaintiffs' counsel are reminded that any motion seeking attorney's fees must comply with the requirements set out in Civil Local Rule 54.

**IT IS SO ORDERED.**

Dated: April 7, 2022.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2